IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-00198-01-CR-W-SRB |
| | ) | |
| DELEON F. REED, III, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On September 10, 2024, the Grand Jury returned a two-count Indictment charging defendant Deleon F. Reed, III, with Felon in Possession of a Firearm (Count One) and Possession of a Machinegun (Count Two).

On February 28, 2025, defendant Reed filed a Motion to Continue Trial (Doc. #16). The motion requests a continuance to the joint criminal jury trial docket commencing September 15, 2025. The motion states:

> 6. Counsel has been communicating with Ms. Ragner in an attempt to move this matter toward disposition. Both Ms. Ragner and counsel agree that additional time is necessary to resolve this matter.
>
> 7. On its face, this case may not appear to be a complicated matter; however, this case and the allegations in 18-CR-00038 are intertwined and complicate the issues in both matters.
>
> 8. Mr. Reed and undersigned counsel require additional time to review the discovery, adequately investigate and prepare for trial, or seek other resolution. The defense cannot reasonably be ready for trial by June 2, 2025.
>
> 9. Additionally, counsel needs additional time to prepare and file pretrial motions. Counsel filed a Motion for Extension of Time to file Pre-Trial Motions on February 24, 2025. Doc. 15. If this motion is granted, the trial date would need to be continued in order to accommodate the litigation schedule for these motions.

10. Undersigned counsel contacted Ashleigh Ragner, Assistant United States Attorney, and she does not object to a continuance.

11. On February 27, 2025, Mr. Reed was advised of his Speedy Trial rights and consented to this continuance request.

(Doc. #16 at 2.)

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial or other disposition prior to September 15, 2025, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, it is

ORDERED that defendant Reed's Motion to Continue Trial (Doc. #16) is granted. The trial of defendant Reed is removed from the joint criminal jury trial docket which commences June 2, 2025, and set on the joint criminal jury trial docket which commences September 15, 2025. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and September 26, 2025, the last day of the September 15, 2025 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence. It is further

ORDERED that a pretrial conference is set for August 26, 2025. The time of the conference will be provided in a subsequent notice of hearing.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge