# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cr-00198-SRB-1 |
| ) | |
| DELEON F. REED, III, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Magistrate Judge Lajuana M. Counts's Report and Recommendation (Doc. #27) to deny Defendant Deleon Reed's ("Defendant") Motion to Suppress Evidence (Doc. #19). Defendant filed timely objections to the Report and Recommendation. (Doc. #30.)

After an independent and careful review of the record, the applicable law, and the parties' arguments, the Court ADOPTS Judge Counts's Report and Recommendation (Doc. #27). It is ORDERED that Defendant's Motion to Suppress Evidence (Doc. #19) is DENIED. It is further ORDERED that the Report and Recommendation be attached to and made a part of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2025

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-00198-01-CR-W-SRB |
| ) | |
| DELEON F. REED, III, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Deleon Reed's Motion to Suppress Evidence (Doc. #19). Defendant Reed argues that he is entitled to a *Franks*[1] hearing and the suppression of "the evidence[2] derived from his unlawful arrest on July 19, 2024, and any statements of Mr. Reed subsequent to this unlawful search" because of the "reckless or intentional false statements by the affiant [in the arrest warrant affidavit]." (Motion to Suppress Evidence at 1; Doc. #19.) For the reasons set forth below, it is recommended that this motion be denied without a hearing.

I. BACKGROUND

On August 24, 2020, defendant Reed entered a guilty plea in the United States District Court for the Western District of Missouri, Case No. 18-00038-01-CR-W-GAF, to a charge of Felon in Possession of a Firearm. On November 17, 2021, defendant Reed was sentenced to 50 months in custody followed by 36 months of supervised release. (Motion to Suppress Evidence,

---

[1]*Franks v. Delaware*, 438 U.S. 154 (1978).

[2]The evidence seized includes a holster, a black Glock 22 .40 caliber handgun, 21 rounds of ammunition, and a switch. (Motion to Suppress Evidence at 1; Doc. #19.)

Exh. A at 1; Doc. #19-1.) Defendant Reed's term of supervised release began on June 15, 2022, and was to expire on June 14, 2025. (*Id*.)

On April 11, 2024, a Violation Report was filed in Case No. 18-00038-01-CR-W-GAF as to alleged violations of defendant Reed's conditions of supervised release. (Motion to Suppress Evidence at 1-2; Doc. #19.) The Violation Report was prepared by United States Probation Officer Monica Holsteen. (*Id*. at 1.) Pursuant to this Violation Report, an arrest warrant was issued for defendant Reed. (*Id*. at 3.)

On July 19, 2024, defendant Reed was arrested pursuant to the warrant and a holster was located on his person. (Motion to Suppress Evidence at 3; Doc. #19.) Officers located a .40 caliber firearm approximately six to eight feet from the defendant. (*Id*.) The holster and firearm were seized and the defendant was taken into custody. (*Id*.) On July 20, 2024, defendant Reed gave a statement after being advised of his *Miranda* rights. (*Id*.)

On September 10, 2024, the Grand Jury returned a two-count Indictment against defendant Deleon Reed in Case No. 24-00198-01-CR-W-SRB. Count One of the Indictment charges that between March 10 and July 19, 2024, defendant Reed, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a .40 caliber firearm which had been transported in interstate commerce. Count Two charges that between March 10 and July 19, 2024, defendant Reed knowingly possessed a machinegun.

## II. THE VIOLATION REPORT

On April 11, 2024, United States Probation Officer Monica Holsteen, under penalty of perjury, provided the following information regarding defendant Reed in a Violation Report:

**Alleged Violations**

> **Violation of Mandatory Condition**, which reads, "You must not commit another federal, state or local crime."
>
> **Violation of Standard Condition**, which reads, "You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)."

According to Raytown, Missouri, Police Department (Incident Report 24-0625), on March 11, 2024, at approximately 1:45 am, Raytown, Missouri, police officers responded to the Dirty Bird Bar and Grill in Raytown, Missouri, regarding a shooting where two male parties suffered gunshot wounds. They were struck by gunfire inside of a black, Chrysler 200 sedan, and were transported from the scene in a black Chevrolet Tahoe, where they were dropped off at Research Medical Center. The two victims were later identified as Cedrick Scott and Dontae Strother.

On March 19, 2024, Reed was identified to be involved in the shooting and is a suspect. He is seen on surveillance video wearing an orange decorated hoodie, driving a gray and black Dodge Challenger vehicle. The passenger in the vehicle is identified as Antonio Sullivan who is also a suspect.

The video shows both Reed and the victim's Chrysler vehicle were parked in the Dirty Bird Bar and Grill parking lot. Reed begins shooting into the Chrysler vehicle until the handgun goes to slide-lock, indicating the gun no longer had ammunition. While Reed is shooting into the vehicle, the driver of the Chrysler, Cedrick Scott, shoots back out of the driver's window. Reed reverses the car he is driving and hits another car while backing up. Strother was a passenger inside the Chrysler and is seen falling out of the vehicle and moving to the other side of the vehicle. Gunfire smoke was seen coming from the driver and passenger side of the Challenger vehicle, indicating that both Reed and Sullivan were shooting firearms. Additionally, .40 Smith and Wesson and .45 Automatic Colt Pistol casings were located in the area of where the Challenger was discharging firearms. The Challenger left the area before law enforcement arrived.

The victims suffered injuries from the shooting. Strother sustained a single gunshot wound to his left thigh. Scott's injuries are not described in the incident report; however, it states that he was intubated and unable to speak when detectives went to interview him at the hospital.

Reed has not yet been charged with any new law violations; however, the United States Attorney's Office is investigating this incident and new charges may be forthcoming. Reed remains in the community.

> **Violation of Standard Condition**, which reads, "You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer."

Reed was associating with Antonio Sullivan, who were both engaging in criminal activity based on the circumstances described in the shooting incident on March 11, 2024. Sullivan was the passenger in the vehicle that Reed was driving. Sullivan is a convicted felon who was previously on supervised release for felon in possession of a firearm (4:14-00335-01-CR-W-RK) and is Reed's half-brother.

(Motion to Suppress Evidence at Exh. A at 1-2; Doc. #19-1.)

## III. DISCUSSION

An arrest warrant may be issued upon probable cause to believe that a person on supervised release has violated a condition of his release. *See* 18 U.S.C. § 3606. Defendant Reed claims that the warrant for his arrest was invalid because the Violation Report which supported the request for the warrant contained reckless or intentional false statements by Probation Officer Holsteen in violation of *Franks v. Delaware*, 438 U.S. 154 (1978), and that the remaining content of the Violation Report was insufficient to establish probable cause. (Motion to Suppress Evidence at 7; Doc. #19.)

In *United States v. Arnold*, 725 F.3d 896 (8th Cir. 2013), the Court wrote:

> . . . Under *Franks*, a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination. *See Franks*, 438 U.S. at 155-56. However, in order to merit a *Franks* hearing, Arnold must show both (1) that the affiant (Officer Skinner) "knowingly and intentionally" made false statements or made them in "reckless disregard for the truth" and (2) if the false information is excised (or the omitted information is

4

included), the affidavit no longer establishes probable cause. *See id.* at 155-56. 725 F.3d at 898. While the *Franks* case dealt with an affidavit supporting a search warrant, the ruling "applies equally to an affidavit supporting an arrest warrant." *Hawkins v. Gage County*, 759 F.3d 951, 958 (8th Cir. 2014).

Defendant Reed contends that Officer Holsteen intentionally or recklessly made the following false statements in the Supervised Release Violation Report:

1. Reed begins shooting into the Chrysler vehicle until the handgun goes to slide-lock, indicating the gun no longer had ammunition. While Reed is shooting into the vehicle, the driver of the Chrysler, Cedrick Scott, shoots back out of the driver's window.

2. Gunfire smoke was seen coming from the driver and passenger side of the Challenger vehicle, indicating that both Reed and Sullivan were shooting firearms.

Defendant Reed further contends that if these false statements are redacted from the Violation Report, the Violation Report no longer establishes probable cause to support a warrant for his arrest.

The Violation Report cites to "Raytown, Missouri, Police Department (Incident Report 24-0625)" for its recitation of the underlying facts which form the basis for the alleged violations of defendant Reed's conditions of supervised release. (*See* Motion to Suppress Evidence at Exh. A at 1; Doc. #19-1.) The undersigned has reviewed the police reports for Incident 24-0625, which are attached as Exhibits C, D, E, and F to the defendant's motion, as well as the video clips (Exhibits G and H) which are cited in those police reports.

Based upon a review of both the police reports and video clips, it appears that the first challenged statement, i.e. that Reed shot into the vehicle, is false.[3] The police report from which

---

[3]The government agrees that this statement is inaccurate. (Government's Response in Opposition

this statement is taken provides:

> 014647 – Suspect walks up to Chrysler, retrieves handgun and begins shooting into vehicle until handgun goes to slide-lock (likely indicating that the firearm no longer had any ammunition in the magazine, causing the slide to remain locked to the rear) While suspect is shooting into the vehicle, two distinct apparent firearm discharges . . . can be seen coming from inside of the Chrysler, indicating that an occupant of the vehicle discharged a firearm. At timestamp 014654 the driver (previously identified as Cedrick Scott . . .) can be seen pointing what appears to be a pistol out of the driver window.

(Motion to Suppress Evidence at Exh. F at 1; Doc. #19-6.) While the undersigned found the police reports somewhat confusing as to the roles played in the shooting by the various subjects (named and unnamed), the video clip (Exhibit H) clearly shows that the "suspect" shooting into the Chrysler was not Deleon Reed.

Defendant Reed asserts that Officer Holsteen must have knowingly and intentionally, or with reckless disregard for the truth, provided this false statement because the Violation Report began the description of events with "The video shows" giving "the impression that she has reviewed the videos and is accurately describing the contents." (Motion to Suppress Evidence at 10; Doc. #19.) The undersigned does not agree that this wording warrants a conclusion that Officer Holsteen reviewed the video. Rather, it appears to the undersigned that Officer Holsteen obtained her information from police reports which provided citations to the videos. While the Violation Report states: "The video shows both Reed and the victim's Chrysler vehicle were parked in the Dirty Bird Bar and Grill parking lot,"[4] the police report provides: "014545 – victim vehicle and Dodge Challenger are back in the Dirty Bird parking lot (north side) in line to drive

---

to Defendant's Motion to Suppress Evidence at 6; Doc. #22.)

[4](Motion to Suppress Evidence at Exh. A at 2; Doc. #19-1.)

in front of the bar (again.)"[5] 014545 is the time stamp from Exhibit H, the Dirty Bird video. In his reply brief, defendant Reed provides another example that he alleges gives the impression that Officer Holsteen reviewed the videos, that is the Violation Report states: "Reed is seen on security video." (Reply to Government's Response in Opposition to Defendant's Motion to Suppress Evidence at 3; Doc. #23.) The Violation Report actually states: "He [Reed] is seen on surveillance video wearing an orange decorated hoodie, driving a gray and black Dodge Challenger vehicle."[6] The police report from which Officer Holsteen obtained this information provides: "011741: . . . Driver can be seen wearing orange decorated hoodie as worn by Deleon Reed . . . ."[7] 011741 appears to be a time stamp from a surveillance video of the Dirty Bird Bar and Grill. Again, it appears that Officer Holsteen was merely summarizing the police reports in the Violation Report.

Based upon a review of both the police reports and video clips, it appears that the second challenged statement, i.e. that both Reed and Sullivan were shooting firearms from their vehicle, may or may not be accurate. The police report from which the second challenged statement is taken states:

> 014659 – Smoke puffs can be seen emanating from the driver side and passenger side of the Challenger, indicating gunfire originating from the vehicle's occupants. An impact can be seen on the ear [sic] window of the blue Mazda car (later seen to be broken in crime scene photos.) .40S&W and .45ACP casings were located in the area of where the Challenger's occupants were discharging firearms.

(Motion to Suppress Evidence at Exh. F at 2; Doc. #19-6.) The police reports name only two

---

[5](Motion to Suppress Evidence at Exh. F at 1; Doc. #19-6.)

[6](Motion to Suppress Evidence at Exh. A at 2; Doc. #19-1.)

[7](Motion to Suppress Evidence at Exh. F at 1; Doc. #19-6.)

occupants of the Challenger, Deleon Reed and Antonio Sullivan.[8]  A review of the video clip from Discount Smokes, Exhibit G, shows a third occupant in the Challenger.

The undersigned finds that based on the information available to Officer Holsteen in the police reports, it was reasonable for her to assume that if two people were firing from the Challenger, those two people would have been defendant Reed and Antonio Sullivan.  While the Discount Smokes video (Exhibit G) shows a third person get into the back seat of the Challenger, the Court has no reason to believe that Officer Holsteen reviewed the video clip.

However, even if Officer Holsteen deliberately or recklessly provided false information to the Court (which the undersigned does not believe to be the case), there is no need for a *Franks* hearing because after modifying the allegations in the Violation Report to "correct" the alleged inaccuracies, there remains probable cause for the issuance of the warrant.  *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978) ("[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.")

As set out in *O'Neil v. United States*, 966 F.3d 764, 773 (8th Cir. 2020), *cert. denied*, 141 S.Ct. 1419 (2021), the Court may delete false identifying information in a warrant application's

---

[8]There are two references to the occupants of the Challenger in the police reports:

> "011741:  Gray/black Dodge Challenger turns into parking lot of Dirty Bird (DB) off of northbound Blue Ridge Blvd.  Driver can be seen wearing orange decorated hoodie as worn by Deleon Reed, and passenger wearing a black North Face hoodie, as worn by Antonio Sullivan."  (Motion to Suppress Evidence at Exh. F at 1; Doc. #19-6.)

> "Using the surveillance video from Discount Smokes, I was able to identify Sullivan as the passenger in the gray/black Dodge Challenger – from which there were apparent firearm discharges as seen on the Dirty Bird surveillance. . . . I identified [Deleon] Reed as the driver of the Dodge Challenger."  (Motion to Suppress Evidence at Exh. E at 4; Doc. #19-5.)

affidavit, while leaving uncontested allegations undisturbed, to determine whether the remaining content is sufficient to establish probable cause to support the warrant. After deleting the identification of defendant Reed from the paragraph of the Violation Report which includes the two challenged statements, the Violation Report states:

> The video shows both Reed and the victim's Chrysler vehicle were parked in the Dirty Bird Bar and Grill parking lot. **An unknown suspect** begins shooting into the Chrysler vehicle until the handgun goes to slide-lock, indicating the gun no longer had ammunition. While **the unknown suspect** is shooting into the vehicle, the driver of the Chrysler, Cedrick Scott, shoots back out of the driver's window. Reed reverses the car he is driving and hits another car while backing up. Strother was a passenger inside the Chrysler and is seen falling out of the vehicle and moving to the other side of the vehicle. Gunfire smoke was seen coming from the driver and passenger side of the Challenger vehicle, indicating that **occupants of the vehicle** were shooting firearms. Additionally, .40 Smith and Wesson and .45 Automatic Colt Pistol casings were located in the area of where the Challenger was discharging firearms. The Challenger left the area before law enforcement arrived.

(Substitutions for identifying information in bold.) These allegations provide probable cause that a crime is being committed in that the occupants of the Challenger are shooting out of the windows of a moving vehicle in a public parking lot. While there may be some question as to whether defendant Reed was actually one of the shooters, he is driving the vehicle from which the shots are coming and is, therefore, involved in this criminal activity.

Further, by driving the vehicle from which Antonio Sullivan (and possibly one other person) is shooting, he is interacting with a person he knows to be engaged in criminal activity as well as a person he knows to be a felon, a violation of his conditions of supervised release. While defendant Reed suggests that Officer Holsteen was aware that Sullivan was Reed's brother and that she "did not violate Mr. Reed for being in the presence of his brother

9

previously,"[9] Reed's association with Sullivan is still a violation of the conditions of his supervised release. In addition, there has been no suggestion that Officer Holsteen would overlook defendant Reed's interaction with Sullivan while Sullivan was actively engaging in criminal activity. Probable cause existed for the issuance of the arrest warrant.

Given the undersigned's finding that the arrest warrant was supported by probable cause and thus valid, the defendant's fruit of the poisonous tree argument must also fail.

## IV. CONCLUSION

The Court finds that defendant Reed has not met his burden of establishing that any alleged false statements or omissions were necessary to the probable cause determination. Thus, the Court finds that the defendant is not entitled to a hearing under *Franks* or to the suppression of any evidence. *See United States v. Arnold*, 725 F.3d 896, 899 (8th Cir. 2013) ("even if we were to assume the challenged affidavit contained deliberate or reckless falsehoods, Arnold's argument for a *Franks* hearing would still fail because the affidavit established probable cause even absent any misrepresentations and including the omitted information").

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Reed's Motion to Suppress Evidence (Doc. #19).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this

---

[9](Reply to Government's Response in Opposition to Defendant's Motion to Suppress Evidence at 5-6; Doc. #23.)

Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

          */s/ Lajuana M. Counts*
          Lajuana M. Counts
          United States Magistrate Judge